[redacted]

[redacted]

**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Jermaine L. BROWN, Defendant–Appellant.**

**No. 01–6153.**

United States Court of Appeals, Tenth Circuit.

Jan. 9, 2002.

Before EBEL, KELLY, and BRISCOE, Circuit Judges.

ORDER AND JUDGMENT *

PAUL KELLY, Jr., Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Jermaine L. Brown appeals from the district court's order denying as untimely filed his motion to vacate, set aside, or correct his sentence brought pursuant to 28 U.S.C. § 2255. Our jurisdiction over this appeal arises from 28 U.S.C. §§ 1291 and 2253. Under the provisions of § 2253(c)(1)(B), appellant must obtain a certificate of appealability before this court considers his appeal. To obtain a certificate of appealability, appellant must make "a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2).

The district court did not rule on the certificate of appealability issue, which this court deems a denial. Appellant filed an application for a certificate of appealability and a motion to proceed in forma pauperis on appeal. The motion to proceed in forma pauperis is granted.

The district court denied appellant's § 2255 motion as untimely under the Antiterrorism and Effective Death Penalty Act, *see United States v. Simmonds,* 111 F.3d 737, 746 (10th Cir.1997) (holding that "prisoners whose convictions became final on or before April 24, 1996 must file their § 2255 motions before April 24, 1997), and held that his claims were without merit. Appellant raises two main issues on appeal, contending that his § 2255 motion should not be considered untimely due to the alleged inadequacy of the prison law library and arguing that the Supreme Court's decision in *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), should be applied retroactively to reverse his sentence.

After careful review of these issues and other arguments raised in appellant's pro

se motion, construing his pleading liberally as required by *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), and considering the applicable law, we conclude that appellant has not demonstrated his eligibility for a certificate of appealability. Therefore, appellant's motion for a certificate of appealability is DENIED and this appeal is DISMISSED.

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.